# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY GOODRUM,<br><br>　　　　Petitioner,<br><br>　v.<br><br>MATTHEW CATE, Secretary<br><br>　　　　Respondent. | Civil No. 07cv0752<br><br>**ORDER:**<br><br>**(1) ADOPTING MAGISTRATE JUDGE ADLER'S REPORT AND RECOMMENDATION and**<br><br>**(2) DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS.** |

　　　Before the Court is Magistrate Judge Jan M. Adler's Report and Recommendation ("R&R") recommending that the Court deny Petitioner Tony Goodrum's ("Petitioner") Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] Petitioner timely filed Objections to the R&R. [Doc. Nos. 19, 25.] Respondent has not filed a Reply. For the reasons set forth below, this Court **ADOPTS** the R&R and **DENIES** the Petition in its entirety.

### *Background*

　　　The San Diego County District Attorney's Office filed an Information charging Petitioner with one count of murder and personal use of a handgun in violation of California Penal Code §§

187(a) and 12022.5(a)(1) and one count of possession of a firearm by a felon in violation of California Penal Code § 12021(a)(1). [Clerk's Trans. at 1-3.] A jury found Petitioner guilty of the lesser included offense of voluntary manslaughter (in violation of Cal. Penal Code § 192(a)) and personal use of a handgun, and he was sentenced to 21 years in state prison. [Clerk's Trans. at 201-203, 276-277.]

Petitioner filed a direct appeal challenging his conviction and sentence in the California Court of Appeal, Fourth Appellate District, Division One. [Lodgement Nos. 3-5.] In an unpublished opinion, the California Court of Appeal affirmed Petitioner's conviction and sentence. [Lodgment No. 6.] Petitioner then filed a petition for review in the California Supreme Court, which was denied without comment. [Lodgment Nos. 7-8.]

Petitioner filed a Petition for Writ of Habeas Corpus and a Motion for Discovery Concerning Law Enforcement Officers in the California Superior Court. These were denied by written order filed September 29, 2005. [Lodgment Nos. 9-10.] Petitioner then filed a Petition for Writ of Habeas Corpus in the California Court of Appeal. The California Attorney General filed a response, and the court denied the petition on April 20, 2006. [Lodgment Nos. 11-13.] Petitioner then filed another Petition for Writ of Habeas Corpus in the California Superior Court, which denied the petition. [Lodgment Nos. 14-15.] Petitioner filed a state petition seeking habeas relief in the California Supreme Court on November 3, 2006. The court denied the petition without comment on June 13, 2007. [Lodgment Nos. 16-17.] While that petition was pending, Petitioner filed one more Petition for Writ of Habeas Corpus in the California Superior Court. The court denied the petition. [Lodgment Nos. 18-19.]

Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2254 in this Court on April 23, 2007. [Doc. No. 1.] Respondent filed an Answer on July 16, 2007, and Petitioner filed a Traverse on July 27, 2007. [Doc. Nos. 9, 12.] In response to the R&R filed on January 14, 2008, Petitioner filed an Objection on January 15, 2008, and the First Amended Objection on April 21, 2008. [Doc. Nos. 15, 19 and 25.]

## *Legal Standard*

**I. State Prisoner Habeas Corpus Standard**

A federal court may grant a habeas petition if the applicant is in custody "in violation of the Constitution or other laws or treaties of the United States." 28 U.S.C. § 2254(a). State interpretation of state laws and rules cannot serve as the basis for a federal habeas petition, as no federal or constitutional questions would be implicated. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Habeas petitions are governed by the provisions of the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA"). Pursuant to AEDPA, a federal court may grant habeas corpus relief from a state court judgment only if the adjudication was (1) contrary to, or involved an unreasonable application of, clearly established federal law, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state-court decision is "contrary to clearly established federal law" if it (1) applies a rule that contradicts the governing law set forth in Supreme Court cases, or (2) confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at the opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state-court decision is an unreasonable application of the facts "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

**II.     Reviewing a Magistrate Judge's R&R**

The duties of the district court in connection with a magistrate judge's R&R are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) (2005). The district court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2005); *see also United States v. Raddatz,* 447 U.S. 667, 676 (1980). "When no objections are filed, the district court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law." *Johnson v. Nelson*, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001). "Under such circumstances, the Ninth Circuit has held that 'a failure to file objections only relieves the trial court of its burden to give *de novo* review to factual findings; conclusions of law must still be reviewed *de novo*.'" *Id.* (quoting *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989)). In

this case, Petitioner filed objections to the R&R. [Docs. Nos. 19 and 25.] Accordingly, this Court will make *de novo* determinations of factual findings as to those portions of the R&R to which objections have been made.

### *Petitioner's Objections*

Because Petitioner has filed objections to the R&R, the Court must conduct a de novo review of the portions of the R&R to which objections were made. Here, Petitioner objects to: (1) the trial judge's refusal to allow a jury instruction based on CALJIC No. 5.42 and Penal Code section 198.5 and (2) the R&R's conclusion that there was insufficient evidence of an unlawful or forcible entry to justify such an instruction.

### *Discussion*

Petitioner challenges his confinement on the basis that: (1) the trial court improperly refused to instruct the jury that a defendant is presumed to have a reasonable fear of imminent death or great bodily injury in defending himself or others against another person who unlawfully or forcibly enters the defendant's home and (2) the trial court abused its discretion by improperly admitting evidence of a prior armed robbery conviction. [Doc. No.1.] Petitioner first raised these claims on direct appeal before the California Court of Appeal, which affirmed the judgment of the state trial court in an unpublished written opinion. [Lodgment No. 6.] The California Supreme Court denied review without citation of authority. [Lodgment No. 8.] Where there is no reasoned state decision from the state's highest court, a federal court must "look through" to the underlying appellate decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 801-806 (1991). Thus, this Court must use the decision of the California Court of Appeal as the basis for its analysis.

**A.    The Trial Court's Refusal to Give Jury Instructions on Previous Threats and "Use of Force Within Residence"**

Petitioner contends that the trial court erred in refusing to instruct the jury both that the antecedent threats justified quicker measures in self-defense and that a defendant is presumed to have a reasonable fear of imminent death or great bodily injury in defending himself or others

against another person who unlawfully or forcibly enters the defendant's home. [Doc. No.1 at 6.] Petitioner further argues that both were part of his defense theory of self-defense and that the trial court's refusal to instruct amounted to prejudicial error. Despite Petitioner's objection that there was sufficient evidence to justify the above jury instructions, the evidence suggests that the magistrate's finding that the trial court did not commit an error by refusing to instruct the jury on the above claims was correct. A jury is entitled to instruction relating to a theory of defense for which there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility." *United States v. Lemon*, 824 F. 2d 763, 764 (9th Cir. 1987.) "A 'mere scintilla' of evidence supporting a defendant's theory, however, is not sufficient to warrant a defense instruction." *United States v. Morton*, 999 F.2d 435, 437 (9th Cir. 1993.) To set aside a conviction based on improper omission of a jury instruction, the Court must find that the jury instruction was not only improperly omitted, but that the omission "so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147 (1973) (citing *Estelle*, *supra*, 502 U.S. at 72). In other words, denial of proposed theory of defense instruction is not error if other jury instructions adequately address the theory of defense. *U.S. v. Mason*, 902 F.2d 1434, 1438 (9th Cir. 1990).

The California Court of Appeals denied Petitioner's claim that the trial court was erroneous in refusing to instruct the jury that the victim's antecedent threats justified quicker measures in self-defense because the court found that the acts and statements made by the decedent did not occur on a prior occasion but were instead part of the series of acts and statements that led up to the shooting." (Lodgment No. 6 at 8.) This finding is not the result of an unreasonable application of United States Supreme Court law. The instructions given by the state court at the conclusion of the trial adequately addressed Petitioner's self-defense theory by including the terms and phrases "imminent danger," "necessary under the circumstances," "avoiding his own death or great bodily injury," and "well-founded belief that it is necessary to save one-self from death or great bodily harm." (Rep. Trans. 831-833.) These instructions allowed the jury to fully consider the threats made by decedent Stamps against Petitioner even though the court did not give the particular instruction regarding the antecedent threats.

Even if the trial judge erred by not specifically instructing the jury as to antecedent threat, the failure to give the instruction did not "infect the entire trial, rendering it fundamentally unfair." *Estelle v. McGuire*, *supra*, 502 U.S. at 72. As stated above, the instructions that were given by the court invited the jury to consider the threats and actions by the decedent whether or not they were technically "antecedent." Thus, the omission of the particular instruction solely addressing antecedent threats, whether proper or not, does not rise to the level of a constitutional violation that would entitle Petitioner to habeas relief.

In denying Petitioner's claim with regards to the "Use of Force Within Residence" instruction, the appellate court noted that for the presumption of self-defense to apply, there must be an unlawful and forcible entry into the residence. [Lodgment No. 6 at 9-10.] Under California law, a person is guilty of a forcible entry if he breaks open "doors, windows, or other parts of a house, or by any kind of violence or circumstances of terror enters" into real property." West's Ann. Cal.C.C.P. § 159. Petitioner himself testified that when the victim "banged" on the garage door, he opened the door and victim entered. [Rec. Trans. 449-451.] Thus, there is no evidence that the victim broke into the house or entered the premises in a violent manner or by terrorizing the occupants. Accordingly, the evidence that was available amply supported the trial court's refusal to give the "Use of Force Within Residence" instruction.

**B.      The Trial Court's Admission of Evidence of Petitioner's Prior Conviction**

Petitioner argues that the trial court's admission of evidence regarding his 1981 attempted armed robbery conviction violated his right to due process and deprived him of a fair trial. [*See* Doc. No. 1.] Petitioner contends that the only possible inference that the jury could have drawn from the evidence of the prior conviction was that Petitioner's guilt with regards to prior crimes renders him guilty of the crimes alleged at trial. (*Id.*)

California Evidence Code section 1103, subdivision (b), ("section 1103"), allows introduction of evidence of a defendant's violent acts and reputation for violence if a defendant

///
///
///

presents evidence as to the bad acts or reputation for violence of the victim of a crime. *People v. Koontz*, 27 Cal. 4th 1041, 1083 (2002). The court may exercise its discretion to exclude such evidence if its probative value is outweighed by a danger of undue prejudice. Evid. Code § 352. Among the factors tending to undercut a finding that a defendant's prior violent conviction is probative is that the conviction occurred in the remote past and the defendant subsequently led a blameless life. *See People v. Green*, 34 Cal. App. 4th 165, 182-183 (1995). The trial court will have abused its discretion only if its judgment exceeds the bounds of reason, considering all the circumstances. *Id.*

Petitioner argues that even though section 1103 authorized the admission of his prior conviction, the court should have exercised its discretion to exclude the conviction because it occurred in too remote a time. [Doc. No. 1 at 32.] However, the 22 year old conviction was not so remote in time as to have no probative value primarily because it also involved the use of a gun, an issue of significant importance in this case. Additionally, Petitioner is only entitled to habeas relief on this claim if he can show that the state court's reasoning "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). There is no clearly established federal law on the issue of whether a state law would violate the Due Process clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime." *Alberni v. McDaniel*, 458 F.3d 860, 864 (9th Cir. 2006), citing *Estelle*, 502 U.S. at 75. Additionally, even if the trial court erred in admitting evidence of the prior conviction, no prejudice resulted to Petitioner because examination of the prior conviction was "very brief," it was not mentioned during closing argument, and the record contains ample evidence to support the jury's conviction of manslaughter. (Lodgment 6 at 10-13.) Because of these facts, Petitioner

///
///
///
///

cannot establish that admitting the fact of his prior conviction resulted in a trial that was "fundamentally unfair," and that he is entitled to habeas relief. *McKinney v. Rees*, 993 F.2d 1378, 1384-1386 (9th Cir. 1993), citing *Dowling v. United States*, 493 U.S. 342 (1990).

## *Conclusion*

After a thorough review of the record, the Court **FINDS** that Petitioner has not shown that he is entitled to federal habeas relief under the applicable legal standards. Accordingly, the Petition is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 6, 2008

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge